# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICOLE DEGAVAGE and CHARLES DEGAVAGE,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO. 3:08-CV-360

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court are two motions: (1) Plaintiffs' Motion for Summary Judgment (Doc. 27); and (2) Defendant's Motion to Reduce or Limit the Ad Damnum Claim to the Amount Specified in the Administrative Claim (Doc. 28).

**I. Plaintiffs' Summary Judgment Motion**

Plaintiffs filed their motion for Summary Judgment on December 16, 2009. (Doc. 27.) All dispositive motions, however, were to be filed before August 1, 2009, per the Court's Case Management Order dated February 9, 2009. (Doc. 15.) As discussed at the pre-trial conference held on December 18, 2009, this motion will be stricken because it was filed beyond the permitted time frame.

**II. Defendant's Motion to Limit Damages**

Defendant's Motion in Limine seeks to reduce or limit the ad damnum claim in Plaintiffs' Complaint to match the specific sum requested in Plaintiffs' administrative claim. (Doc. 28.) Claims brought under the Federal Tort Claims Act ("FTCA"), such as the Plaintiffs' claims in this case, must first be presented to the appropriate federal agency. 28 U.S.C. §

2675(a). If a party's claim is rejected, then they are authorized under the FTCA to file suit. *Id.* They are, however, prevented from recovering "any sum in excess of the amount of the claim presented to the federal agency" unless one of two exceptions are met. *Id.* § 2675(b). First, the awarded damages may exceed the claim "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency." *Id.* Second, the damages may exceed the claim where there are "intervening facts, relating to the amount of the claim." *Id.* In order to recover damages beyond the amount claimed to the federal agency, the Plaintiffs have the burden of satisfying at least one of these two exceptions. *Schwartz v. United States*, 446 F.2d 1380, 1381-82 (3d Cir. 1971).

Plaintiffs' concede that the initial claim filed on May 3, 2006, was for the amount of $299,000. (Plaintiffs' Brief in Opp'n at 2, Doc. 34.) They argue, however, that before a determination was made by the federal agency, that they filed a "form 95" with an amended damages claim of $8,000,000. (*Id.* at 3.) Defendant responds that there was never a "form 95" filed, and that the only time one was seen was when an undated form was attached to the Plaintiffs' Complaint (Doc. 1) filed February 26, 2008. (Defendant's Reply Brief at 1-2, Doc. 35.) Defendant has also attached the affidavit of an attorney for the federal agency, the United States Post Office, which attests that the Plaintiffs never amended their claim for damages. (Attachment 1, Doc. 35.) The existence of an amendment is material to this dispute because if the claim was properly amended, then § 2675(b) would not bar Plaintiffs' from recovering the full amount of damages currently claimed. Only once this factual dispute is resolved will the Court be able to determine if the Plaintiffs' damages must be limited to

$299,000 or less. Because a genuine dispute of fact exists as to whether the Plaintiffs' properly and timely filed a "form 95" amendment, at this time I must deny Defendant's request to limit the damages.[1]  Defendant's Motion in Limine (Doc. 28) will be denied.

**NOW**, this   19th   day of January, 2010, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs' Motion for Summary Judgment (Doc. 27) is **STRICKEN**.

(2) Defendant's Motion in Limine (Doc. 28) is **DENIED**.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[1] Plaintiffs still have the burden of demonstrating at trial either that they properly amended their claims before the federal agency made its determination, or that they satisfy one of the two criteria discussed above. Otherwise, Plaintiffs' damages will be capped at the amount of the prior claim, $299,000.

3